# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FREDERICK UPCHURCH,
　　　　　Appellant,

v.

DEPARTMENT OF DEFENSE,
　　　　　Agency.

DOCKET NUMBER
PH-0752-21-0350-I-1

DATE: March 21, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert Gershman, Esquire, Delray Beach, Florida, for the appellant.

Lauren Ruby, Esquire, Falls Church, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal from Federal service. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to analyze a potential whistleblower reprisal claim under 5 U.S.C. § 2302(b)(9)(D) and to VACATE the administrative judge's alternative finding that the agency proved by clear and convincing evidence that it would have removed the appellant absent his protected activity or disclosures, we AFFIRM the initial decision, still upholding the agency's removal action.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant was removed from his position of Supervisor Medicolegal Investigator with the Office of the Armed Forces Medical Examiner System (AFMES) for 22 specifications of absent without leave (AWOL) related to a period during which he was incarcerated. Initial Appeal File (IAF), Tab 1 at 10-11, 15, 27-29. The appellant appealed his removal to the Board and, after a hearing, the administrative judge sustained the AWOL charge, denied the appellant's affirmative defenses of harmful error and whistleblower reprisal, and found that the penalty of removal was reasonable. IAF, Tab 30, Initial Decision (ID) at 3-21. The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 3-4. On review, the appellant largely reiterates the same arguments that he raised before the administrative judge and argues that the agency denied him his requested discovery. PFR File, Tab 1. For the reasons set forth herein, we find the appellant's arguments unavailing.

We agree with the administrative judge's finding that the agency proved its AWOL charge.

To prove an AWOL charge, the agency must demonstrate that the appellant was absent from duty and that his absence was not authorized or that his request for leave was properly denied. *See Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 6 (2009). The administrative judge found that the agency proved that the appellant was absent from duty between May 5 and June 4, 2021, that his request for leave during that period was not authorized, and that the agency acted properly in denying his request. ID at 3-5. On review, the appellant argues, as he did before the administrative judge, that the agency improperly denied his request to use annual leave during the time he was incarcerated. PFR File, Tab 1 at 11-12. In this regard, he argues that the agency improperly designated the Director of AFMES as his first-line supervisor and that the Director did not have the authority to deny his leave request. *Id.* at 13-15.

The appellant does not dispute, and we find no error in, the administrative judge's finding that the appellant was absent from duty between May 5 and June 4, 2021. ID at 3. Contrary to the appellant's argument, we agree with the administrative judge that the agency acted properly in denying the appellant's leave request. ID at 3-5. The appellant's incarceration began in March 2021 and, after the agency granted the appellant administrative leave for several weeks, IAF, Tab 1 at 46, the appellant called the AFMES Chief of Staff on or about May 3, 2021, and requested to use sick leave and/or annual leave for an indefinite period while he was incarcerated, Hearing Record (HR) (testimony of the Chief of Staff). The Chief of Staff consulted with the Director, who was the appellant's first-line supervisor, and then notified the appellant's attorney that the leave request was denied. HR (testimony of the Chief of Staff). The Chief of Staff testified at the hearing that the appellant was not permitted to use sick leave because it may only be granted for specific reasons and the appellant's request did not satisfy any of them, and that the agency determined that it would not

approve the appellant's open-ended request for annual leave.  *Id*.  We agree with the administrative judge that the agency had the authority to deny the appellant's leave request under these circumstances, particularly because the agency established that the appellant's absence detrimentally impacted the efficiency of the service given his unique skillset and qualifications, and because the leave request was for a significant, indefinite period of time.  ID at 4-5 (citing *Benally v. Department of the Interior*, 71 M.S.P.R. 537, 541 (1996) (stating that annual leave is an entitlement, subject to an agency's right to fix the time at which it is taken, 5 U.S.C. § 6302(d), and that the Board should consider, in determining whether the agency properly denied an appellant's leave request for a period of incarceration, the expected length of the absence and its impact on the workplace, and whether the appellant had sufficient leave to cover the absence)).  As the administrative judge correctly observed, AFMES is the nation's only Federal medical examiner system, and the Chief of Staff testified that the appellant's extended absence caused the office to be short-staffed and left critical duties unfulfilled.  ID at 2; HR (testimony of the Chief of Staff).  We also agree with the administrative judge that there is no evidence that the Director was improperly designated as the appellant's first-line supervisor, and, in any event, the appellant has identified no policy, rule, or regulation requiring a specific person to approve or deny his leave requests.  ID at 6-7.

To the extent the appellant asserts on review that the Chief of Staff authorized his leave request because he told the appellant "not to worry" and that his leave "would be taken care of," PFR File, Tab 1 at 11, we find that these statements, even if true, did not obligate the agency to approve the appellant's request for annual or sick leave after examining the circumstances and the open-ended nature of the request.  HR (testimony of the Chief of Staff) (explaining that he consulted with the Director and determined that it was necessary to fill the appellant's job duties).  The appellant's remaining arguments on this subject merely reiterate those already raised before the administrative

judge and do not provide a basis to disturb the administrative judge's findings, which are supported by the record evidence. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

We agree with the administrative judge's finding that the appellant did not prove harmful error.

For the reasons set forth in the initial decision and in the section above, we find that the appellant failed to prove that the agency violated any of its policies or procedures in designating the Director as his first-line supervisor. ID at 6-8. On review, the appellant asserts that the agency's designation of the Director as his first-line supervisor violated agency instructions concerning performance evaluations. PFR File, Tab 1 at 12-13. Even if true, the agency's policies regarding performance evaluations are irrelevant to the question of whether the agency properly denied the appellant's request for leave. In any event, the Board will only reverse an action for harmful error if the appellant shows that the procedural error would likely have caused the agency to reach a different conclusion in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991); 5 C.F.R. §§ 1201.4(r), 1201.56(c)(1). We agree with the administrative judge that the appellant has not made such a showing. ID at 6-8. We therefore affirm the administrative judge's finding that the appellant failed to prove his harmful error defense.

We agree with the administrative judge's finding that the appellant failed to prove his whistleblower reprisal affirmative defense.

When whistleblower retaliation claims are made in connection with an otherwise appealable action, as here, the appellant must prove by preponderant evidence that (1) he made a protected disclosure or engaged in protected activity, and (2) the disclosure or activity was a contributing factor in the personnel action at issue. *Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶ 49. If the appellant makes this showing, the burden shifts to the agency to prove by clear

and convincing evidence that it would have taken the personnel action in the absence of the protected disclosure or activity. *Id.*

Before the administrative judge, the appellant asserted that he made protected disclosures pursuant to 5 U.S.C. § 2302(b)(8) when he disagreed with the agency's staffing decisions regarding missions to Hawaii and Alaska and that he engaged in protected activity pursuant to 5 U.S.C. § 2302(b)(9) when he participated as a witness in a 2017 Office of Inspector General (OIG) and equal employment opportunity (EEO) investigation. ID at 10-15. For the following reasons, we agree with the administrative judge that the appellant failed to prove his whistleblower reprisal affirmative defense.

> *The appellant failed to prove that the agency removed him because of his communications about the Hawaii and Alaska missions.*

We agree with the administrative judge, for the reasons stated in the initial decision, that the appellant failed to prove that his communications about the Hawaii and Alaska missions were protected under 5 U.S.C. § 2302(b)(8). ID at 8-14. Although we clarify that policy disagreements and disclosable misconduct under the Whistleblower Protection Enhancement Act are not mutually exclusive, *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1371 (Fed. Cir. 2020), we find that the appellant's vague and conclusory allegations of wrongdoing are insufficient to meet his burden to prove that he made a protected disclosure, *see Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 12 (2015) (concluding that vague, conclusory, and unsupported allegations do not meet the lower nonfrivolous allegation jurisdictional standard for whistleblower retaliation claims).

We have considered whether the appellant's communications regarding the Hawaii and Alaska missions implicate a claim under 5 U.S.C. § 2302(b)(9)(D), which protects employees from retaliation because the employee "refus[ed] to obey an order that would require [him] to violate a law, rule, or regulation." However, aside from his conclusory allegations that the Director ordered

the appellant to "change out" the designated staff member "because [she] was a female" and that the Director "desired a male to go on the mission," IAF, Tab 21 at 6, the appellant provided no further details in support of his claim. We find that these conclusory allegations are insufficient to establish that the agency ordered him to violate a law, rule, or regulation, or that he refused such an order. *Rebstock*, 122 M.S.P.R. 662, ¶¶ 12-13.

The appellant dedicates several pages of his petition for review to further details and discussion regarding the Hawaii and Alaska missions. PFR File, Tab 1 at 6-12. However, the appellant did not raise these facts in his filings before the administrative judge and he did not testify to them at the hearing. IAF, Tab 21 at 5-7, 14-15, Tab 28 at 5; HR (testimony of the appellant). Because the appellant has not established that this information was unavailable to him prior to the close of the record before the administrative judge despite his due diligence, we do not consider these new arguments. PFR File, Tab 1 at 6-12; *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980) (stating that the Board generally will not consider argument or evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence); 5 C.F.R. § 1201.115(d).

> *The appellant failed to prove that the agency removed him because of his OIG and EEO activity.*

On review, the appellant has not challenged the administrative judge's finding that he failed to prove that the agency removed him because of his 2017 OIG and EEO activity. ID at 15-17; PFR File, Tab 1. Nonetheless, we take this opportunity to clarify the administrative judge's analysis. We agree with the administrative judge that the appellant's 2017 OIG activity is protected under 5 U.S.C. § 2302(b)(9) and we agree with the implicit finding that the appellant failed to prove that his OIG activity was a contributing factor to his removal. ID at 15-17 (finding that the appellant failed to meet the knowledge/timing test

and failed to present other circumstantial evidence to support a finding of contributing factor).

We clarify that EEO reprisal claims are excluded from coverage under 5 U.S.C. § 2302(b)(8). *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10, 17. An appellant may raise a claim of retaliation for prior EEO activity under the Title VII framework, which requires an appellant to demonstrate that his EEO activity was a motivating factor in the contested action. *See Pridgen*, 2022 MSPB 31, ¶¶ 21-22, 30. We agree with the administrative judge's factual finding that the appellant failed to put forth evidence showing that his EEO activity was a factor in his removal, and we therefore find that he has failed to prove his EEO retaliation claim. ID at 15-16; *see Pridgen*, 2022 MSPB 31, ¶ 21.

Because we find that the appellant failed to prove that (1) he made a protected disclosure pursuant to 5 U.S.C. § 2302(b)(8) or (2) his protected activity pursuant to 5 U.S.C. § 2302(b)(9) was a contributing factor in his removal, we vacate the administrative judge's alternative finding that the agency proved by clear and convincing evidence that it would have taken the same action in the absence of the appellant's whistleblowing activity. ID at 14-15, 17; *see Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014) (stating that the Board may not proceed to the clear and convincing evidence test unless it has first determined that the appellant established a prima facie case), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015).

We agree with the administrative judge that the penalty of removal is reasonable.

When the agency's charges are sustained, the Board will review an agency imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. ID at 18; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). The administrative judge considered the decision notice and the testimony of the deciding official in determining that she fully and carefully considered the relevant *Douglas* factors and the penalty of removal was

reasonable. ID at 18-20; *see Douglas*, 5 M.S.P.R. at 305. On review, the appellant challenges the credibility of the deciding official and her weighing of the *Douglas* factors. PFR File, Tab 1 at 18-19. He also argues that the deciding official was biased against him. *Id.* at 17, 19-20.

We agree with the administrative judge's factual finding that the appellant did not demonstrate that the deciding official harbored bias against him for the reasons set forth in the initial decision. ID at 19; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must defer to an administrative judge's credibility determinations when they are based on observing the demeanor of witnesses testifying at the hearing unless there are "sufficiently sound" reasons for disturbing those findings). We also agree with the administrative judge's well-reasoned conclusions that the deciding official fully and carefully considered the relevant *Douglas* factors and the penalty of removal was reasonable. ID at 18-20.

<u>We find the appellant's remaining arguments unavailing.</u>

On review, the appellant asserts that the agency did not adequately respond to his discovery requests. PFR File, Tab 1 at 15-16, 21. The appellant's discovery requests appear to be untimely pursuant to the administrative judge's acknowledgment order. IAF, Tab 2 at 3 (instructing the parties to serve discovery requests within 30 days, or no later than October 8, 2021), Tab 8 (reflecting that the appellant's discovery requests were made on October 23, 2021). The appellant did not file a motion requesting to extend the time period to serve discovery. In any case, the agency appears to have responded, at least in part, to the appellant's discovery requests, PFR File, Tab 3 at 6-8, 10-12, and the appellant did not file a motion to compel before the administrative judge to preserve his objections to the agency's responses, as he was required to do. Thus, we do not consider the appellant's arguments on review regarding his discovery requests. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5

(2005) (stating that an appellant is precluded from raising a discovery issue for the first time on review), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

To the extent the appellant has raised additional challenges to the administrative judge's credibility findings that we did not discuss above, we find that the appellant has failed to establish a sufficiently sound reason for disturbing those findings. PFR File, Tab 1 at 9, 11, Tab 4 at 4-6; *see Haebe*, 288 F.3d at 1301. In this regard, we note that the appellant has not directed the Board's attention to any record evidence or sworn testimony that would support overturning the administrative judge's credibility findings. PFR File, Tab 1 at 11, Tab 4 at 4-6; *see Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995) (stating that statements by a party's representative are not evidence). We have considered the appellant's remaining arguments and find them unavailing. Based on the foregoing, we deny the appellant's petition for review and affirm the initial decision as modified herein.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board
Washington, D.C.